# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KROGER LIMITED PARTNERSHIP I,**
**Employer Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0447** (BOR Appeal No. 2052335)
                       (Claim No. 2017006731)

**DEBBIE WINTERS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kroger Limited Partnership I, by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1]

The issue on appeal is compensability. The claims administrator rejected the claim on October 28, 2016. The Office of Judges reversed the decision in its November 17, 2017, Order and held the claim compensable for unspecified open wound to the left hand, abrasion of the lower leg, pain in the right elbow, pain in the right wrist, and sprain of ligaments of the lumbar spine. The Order was affirmed by the Board of Review on April 20, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Winters, a deli worker, was injured in the course of her employment on September 13, 2016, when she tripped and fell. She sought treatment two days later at MedExpress and was diagnosed with open wound of the left hand and back sprain/strain. She reported that she was injured at work when she tripped and fell. Lumbar spine x-rays showed that she had degenerative changes. On September 18, 2016, she had x-rays of her elbow and wrist and was put in a sling. The x-rays of the right elbow and wrist indicated a possible old fracture. Her left hand wound was glued shut. It was noted that she also had abrasions on her lower legs, worse on the right.

---

[1] A response was not filed on Ms. Winters's behalf.

1

She had tenderness in the lower back, abnormal range of motion, and weakness. She was diagnosed with laceration of the left hand, abrasion of the lower leg, pain in the right elbow, pain in the right wrist, and sprain of ligaments of the lumbar spine. On September 25, 2016, she reported that she had returned to work, stayed for three hours, and had to go home due to elbow and back pain. On October 5, 2016, it was noted that she still had abnormal range of motion and tenderness in the lower back. A lumbar MRI was scheduled. On October 8, 2016, she reported that she again attempted to go to work. She stayed a few hours and had to go home due to back pain.

A lumbar MRI taken on October 15, 2016, showed degenerative changes, most noticeable at L5-S1 with disc desiccation, a disc bulge, and spurring resulting in neural foraminal stenosis. The claims administrator rejected the claim on October 28, 2016. Ms. Winters responded to interrogatories on May 28, 2017. She stated that she had previous back problems, but never had an S1 disc bulge or a T12 fracture. She also had never experienced pain in her wrist or elbow.

It is noted that Ms. Winters had previously been treated for the lower back. A February 12, 2012, treatment note from St. Mary's Medical Center indicates she was seen for back pain after tripping and falling at home five days prior. She reported that she had frequent falls and had broken her ribs several times in the past. On March 16, 2014, she again reported to St. Mary's Medical Center, this time for injuries to her neck, back, and right shoulder after a car accident six days prior. She was diagnosed with neck and back strain as well as shoulder contusion.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for unspecified open wound to the left hand, abrasion of the lower leg, pain in the right elbow, pain in the right wrist, and sprain of ligaments of the lumbar spine on November 17, 2017. It found that Ms. Winters was treated at MedExpress two days after the injury occurred and she reported that she tripped and fell at work. She completed an application for benefits and consistently reported her injury. The Office of Judges found no medical evidence rebutting her allegation that the injury occurred at work. The Office of Judges noted that Ms. Winters was treated for a hand laceration on September 15, 2016, as the treatment note from MedExpress indicates she had a left hand wound that required dressing and medication. On September 18, 2016, she returned and had the wound glued closed because it kept reopening. At that visit she was also diagnosed with unspecified open wound to the left hand, abrasion of the lower leg, pain in the right elbow, pain in the right wrist, and sprain of ligaments of the lumbar spine. The reports from MedExpress indicated that these diagnoses are the result of a work-related injury. Further, her statements to the physicians were found to match her allegations made before the Office of Judges

The Office of Judges noted that the claims administrator denied the claim because the medical evidence showed degenerative changes and no formal diagnoses could be clarified from the treating physician. The Office of Judges found that the record shows some degenerative changes in the thoracic spine and that Ms. Winters had a prior back injury in 2012 when she tripped at home and fell. Degenerative changes were also noted in the October 15, 2016, lumbar MRI as well as a disc bulge. The Office of Judges concluded that there was insufficient evidence

2

to hold the disc bulge compensable. However, it determined that even though she has preexisting degenerative changes, she is not barred from sustaining a compensable back injury. The physician at MedExpress diagnosed sprain of ligaments of the lumbar spine. The Office of Judges found that this was a very clear diagnosis and the claims administrator's conclusion that no formal diagnosis could be found in the medical records was incorrect. The lumbar sprain was found to be a discrete new injury, separate from the degenerative changes.

Lastly, the employer argued that Ms. Winters has a propensity for falling. It relied on the February 12, 2012, treatment note which indicated that she had frequent falls. The Office of Judges determined, however, after reviewing the evidence that she fell in 2012 and again in 2016. Two falls in four years was not found to indicate a propensity for falling. The Office of Judges therefore concluded that the claim was compensable for unspecified open wound to the left hand, abrasion of the lower leg, pain in the right elbow, pain in the right wrist, and sprain of ligaments of the lumbar spine. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 20, 2018.

After review, we find that the Board of Review's decision should be modified to reflect the compensable conditions of unspecified open wound to the left hand, abrasion of the lower leg, and sprain of ligaments of the lumbar spine. Ms. Winters consistently reported her workplace injury and sought medical treatment two days after it occurred. There is no evidence of record contradicting her assertion that she was injured in the course of her employment. MedExpress clearly diagnosed unspecified open wound to the left hand, abrasion of the lower leg, pain in the right elbow, pain in the right wrist, and sprain of ligaments of the lumbar spine as a result of a work-related injury. However, pain in the right elbow and pain in the right wrist are symptoms, not diagnoses and therefore cannot be included in the claim.

For the foregoing reasons, we affirm the Board of Review insofar as it held the claim compensable for left hand open wound, abrasion of the lower leg, and sprain of ligaments of the lumbar spine. We reverse the decision insofar as it found right elbow pain and right wrist pain to be compensable conditions in the claim. We remand the case with instructions to only hold the claim compensable for left hand open wound, abrasion of the lower leg, and sprain of ligaments of the lumbar spine.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.